| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>**Caption in Compliance with D.N.J. LBR 9004-1**<br>DENISE CARLON, ESQUIRE<br>KML LAW GROUP, P.C.<br>Sentry Office Plz<br>216 Haddon Ave.<br>Suite 406<br>Westmont, NJ 08018<br>(215)627-1322<br>dcarlon@kmllawgroup.com<br>Attorneys for Secured Creditor<br>THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK AS SUCCESSOR INDENTURE TRUSTEE TO JPMORGAN CHASE BANK, N.A., AS INDENTURE TRUSTEE FOR THE CWABS REVOLVING HOME EQUITY LOAN ASSET BACKED NOTES, SERIES 2004-K | **Order Filed on February 28, 2019<br>by Clerk<br>U.S. Bankruptcy Court<br>District of New Jersey** |
| In Re:<br><br>Laura Cortese,<br><br>Debtor. | Case No.: 18-32402 MBK<br>Adv. No.:<br>Hearing Date: 1/22/19 @10:00 a.m.<br><br>Judge: Michael B. Kaplan |

## ORDER RESOLVING SECURED CREDITOR'S OBJECTION TO DEBTOR'S CHAPTER 13 PLAN

The relief set forth on the following pages, numbered two (2) through three (3) is hereby **ORDERED**

**DATED: February 28, 2019**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

Page 2
Debtor: Laura Cortese
Case No.: 18-32402 MBK
Caption: **ORDER RESOLVING SECURED CREDITOR'S OBJECTION TO DEBTOR'S CHAPTER 13 PLAN**

This matter having been brought before the Court by KML Law Group, P.C., attorneys for Secured Creditor, THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK AS SUCCESSOR INDENTURE TRUSTEE TO JPMORGAN CHASE BANK, N.A., AS INDENTURE TRUSTEE FOR THE CWABS REVOLVING HOME EQUITY LOAN ASSET BACKED NOTES, SERIES 2004-K, holder of a mortgage on real property located 278 Freemont Avenue, Seaside Heights, NJ, 08751, Denise Carlon appearing, by way of objection to the confirmation of Debtor's Chapter 13 Plan, and this Court having considered the representations of attorneys for Secured Creditor and Brian W. Hofmeister, Esquire, attorney for Debtor, Laura Cortese, and for good cause having been shown;

It **ORDERED, ADJUDGED and DECREED** that Bank of New York Mellon's claim shall be allowed as a non-priority general unsecured claim and shall be paid as such in accordance with the Debtors' Chapter 13 Plan; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** that the avoidance of Bank of New York Mellon's second lien is contingent upon the Debtors' completion of the Chapter 13 plan and the Debtors' receipt of a Chapter 13 discharge; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** Bank of New York Mellon shall retain its lien for the full amount due under the subject loan in the event of either the dismissal of the Debtors' Chapter 13 case or the conversion of the Debtors' Chapter 13 case to any other Chapter under the United States Bankruptcy Code; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** that each party shall bear their own attorney's fees and costs incurred in the present case number; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** that in the event that the property is destroyed or damaged, pursuant to the mortgage, Bank of New York Mellon is entitled to its full rights as a loss payee with respect to the insurance proceeds and has a security interest in such proceeds up to the entire balance due on the mortgage; and

Page 3
Debtor:        Laura Cortese
Case No.:      18-32402 MBK
Caption:       **ORDER RESOLVING SECURED CREDITOR'S OBJECTION TO DEBTOR'S CHAPTER 13 PLAN**

It is **FURTHER ORDERED, ADJUDGED and DECREED** that in the event that any entity, including the holder of the first lien on the Subject Property forecloses on its security interest and extinguishes Creditor's lien prior to the Debtors' completion of the Chapter 13 plan, Bank of New York Mellon's lien shall attach to the surplus proceeds of the foreclosure sale for the full amount of the subject loan balance at the time of the sale; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** Bank of New York Mellon shall retain its lien for the full amount due under the subject loan should the subject property be sold, or should a refinance take place prior the Chapter 13 plan completion and entry of a Discharge; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** that Secured Creditor's objection to confirmation is hereby resolved.